IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STACEY WHITMIRE | ) |
| | ) |
| v. | ) NO. 1-08-0050 |
| | ) JUDGE CAMPBELL |
| WAY-FM GROUP, INC. | ) |

MEMORANDUM

Pending before the Court are Defendant's Motion for Summary Judgment (Docket No. 16) and Plaintiff's Motion to Accept Plaintiff's Response to Defendant's Statement of Undisputed Facts in Support of Summary Judgment Out of Time (Docket No. 27).

Plaintiff's Motion to Accept Plaintiff's Response to Defendant's Statement of Undisputed Facts in Support of Summary Judgment Out of Time (Docket No. 27) is GRANTED. For the reasons stated herein, Defendant's Motion for Summary Judgment (Docket No. 16) is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff Whitmire alleges employment discrimination by her former employer, Defendant WAY-FM Group, Inc., in violation of the Tennessee Human Rights Act. She also alleges retaliation by Defendant in violation of her constitutional rights to free speech.

Defendant has moved for summary judgment based upon a Separation Agreement and Release signed by Plaintiff on April 17, 2008.[1] Plaintiff claims she was forced to sign this Agreement under economic duress and, therefore, she should not be bound thereby.

---

[1] Plaintiff asserts that she signed the Agreement on April 22, 2008, but the Agreement itself indicates that Plaintiff signed on April 17, 2008, and her signature was witnessed on that day.

Plaintiff worked with Defendant WAY-FM as an on-air talent and music director, beginning in June of 2005. Because of on-air changes and budgetary cuts, Defendant notified Plaintiff, on or about April 4, 2008, that her employment would be terminated effective June 30, 2008. Plaintiff admits that Defendant gave her a Separation Agreement and Release on April 4, 2008. Docket No. 27-1, ¶ 7. Plaintiff also admits that, under the terms of that Agreement, she was given twenty-one days to consider it and advised to consult with an attorney prior to signing. *Id.*, ¶ 8.

Plaintiff does not dispute that, under the terms of the Agreement, she would receive the equivalent of three weeks' salary in exchange for executing the Agreement and that, but for this Agreement, she would not have been entitled to that additional money. *Id.*, ¶ 9. Plaintiff admits that she took the Agreement and was afforded an opportunity to ask questions about it. *Id.*, ¶ 10. She admits that she consulted with an attorney about the Agreement and that attorney advised her not to sign it. *Id.*, ¶ 11. She admits that she asked questions about the Agreement, which were answered by Defendant, and that Defendant revised the Agreement on or about April 8, 2008, in response to Plaintiff's questions. *Id.*, ¶¶ 12-13.

The revised Agreement offered Plaintiff the same consideration as the prior Agreement and gave her an additional twenty-one days to consider it, again advising her to consult an attorney before signing. *Id.*, ¶ 13. Plaintiff signed the Agreement on April 17, 2008. The Agreement included a seven-day period during which Plaintiff could revoke the Agreement after signing it. *Id.*, ¶ 16. Plaintiff did not revoke the Agreement. Plaintiff has admitted that she received all consideration due to her pursuant to the Agreement. *Id.*, ¶ 19.

The Agreement signed by Plaintiff included a waiver and release of any and all claims and causes of action for damages against Defendant based upon Plaintiff's employment and events

2

leading up to the conclusion of the employment relationship and/or any event or transaction which occurred before the date Plaintiff signed the Agreement. Docket No. 26-1, ¶ 7. Plaintiff does not dispute that the Agreement included this waiver and release of claims; she argues only that she signed the Agreement under economic duress. Docket No. 27-1, ¶ 15.

## SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003); Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## DISCUSSION

The sole issue before the Court on the pending Motion is whether Plaintiff's claims are barred, as a matter of law, by the Separation Agreement and Release which she signed on April 17, 2008. As noted above, Plaintiff does not dispute that she signed the Agreement or received the consideration to which she was entitled thereunder. She claims that the waiver and release are void because she signed them under economic duress.

3

It is possible to assert a defense to the enforcement of a release by clearly establishing that the release was made under economic duress. *Kinnard v. Shoney's, Inc.*, 100 F.Supp. 2d 781, 792 (M.D. Tenn. 2000). The definition of economic duress is "imposition, oppression, undue influence, or the taking of undue advantage of the business or financial stress or extreme necessities or weakness of another." *Id.* In order to constitute duress, the pressure must be such that it would overcome the mind and will of a person of ordinary fitness. *Id.*; *see also Flynt Engineering Co. v. Cox*, 99 S.W.3d 99, 101 (Tenn. Ct. App. 2002). [2] Business compulsion is not established merely by proof that consent was secured by the pressure of financial circumstances, especially where the party claiming duress is experienced in business and not a novice. *Bridgeport Apartments Partnership v. Ellerbe*, 2004 WL 221310 at * 2 (Tenn. Ct. App. Feb. 2, 2004).

The Sixth Circuit Court of Appeals set forth the framework for assessing the voluntariness of releases of claims in *Adams v. Philip Morris*, 67 F.3d 580 (6th Cir. 1995). Under that standard, in evaluating whether a release was knowingly and voluntarily executed, the Court must look to (1) Plaintiff's experience, background and education; (2) the amount of time Plaintiff had to consider whether to sign the waiver, including whether she had an opportunity to consult with an attorney; (3) the clarity of the waiver; (4) consideration for the waiver; and (5) the totality of the circumstances. *Adams* at 583.

---

[2] Duress in the legal sense only exists when one by the unlawful act of another is induced to make a contract or perform some other act which deprives him of the exercise of free will. *Holloway v. Evers*, 2007 WL 4322128 at * 9 (Tenn. Ct. App. Dec. 6, 2007) (citing *Johnson v. Ford*, 245 S.W. 531 (Tenn. 1922)). Duress is a condition of mind produced by the improper external pressure or influence that practically destroys the free agency of a party and causes him to do and act or make a contract not of his own volition, but under such wrongful external pressure. *Holloway* at * 9 (citing *Rainey v. Rainey*, 795 S.W.2d 139 (Tenn. Ct. App. 1990)).

4

Here, as in *Adams*, although the Plaintiff may have felt some economic pressure to accept the severance package and settle any claims she might have against her employer, that pressure does not rise to the level of economic duress which would invalidate the Agreement. Finding economic duress in situations like *Adams* and the instant case would invalidate most, if not all, releases of claims in agreements conferring severance benefits on employees. *See also Dorn v. General Motors Corp.*, 2005 WL 977052 at ** 3 (6th Cir. April 28, 2005). A person losing her job is certainly under financial pressure and economic hardship; that fact alone does not make her execution of an agreement and release invalid.

Plaintiff is not an unsophisticated or novice business person. She was given at least twenty-one days to consider the Agreement and, in fact, did consider it. She raised questions which resulted in a Revised Agreement. She was advised to and did consult with an attorney about the Agreement. The attorney advised her not to sign the Agreement, yet she did not heed that advice.

The waiver and release language of the Agreement is clear and unambiguous. Plaintiff admits she understood what it meant. Even though Plaintiff alleges Defendant told her to sign it "right now," she did not. She executed it at least two weeks after she received it. Moreover, after she signed the Agreement, Plaintiff had seven days in which to revoke it, and she did not. Even if Plaintiff was ill, as she claims, on the day she signed the Agreement, she had the opportunity to revoke it thereafter and did not take that opportunity. These circumstances do not amount to economic duress which would invalidate the Separation Agreement and Release.

For all these reasons, the Court finds that Plaintiff's claims herein are barred by the Separation Agreement and Release which she signed. Accordingly, Defendant's Motion for

Summary Judgment is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE