IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STACEY WHITMIRE )
)
v. ) NO. 1-08-0050
) JUDGE CAMPBELL
WAY-FM GROUP, INC. )

ORDER

Pending before the Court are Plaintiff's Motion to Alter or Amend Judgment or Obtain Relief from Judgment or Order (Docket No. 33) and Defendant's Motion for Attorney's Fees (Docket No. 36).

Plaintiff seeks relief under Rules 59 and 60 of the Federal Rules of Civil Procedure, based upon alleged newly discovered evidence.[1] The purported newly discovered evidence submitted to the Court is a DVD, identified as a "Total Axxess" episode, containing both audio and video. There is no Affidavit accompanying the DVD and no attestation to its authenticity or identification as to its source or its speakers. The Court finds that the DVD is not in a form admissible to support Plaintiff's Motion herein.

Nonetheless, the Court has reviewed the DVD and finds that the brief reference to a station's former music director, followed by a whisper of a word which sounds like "Stace," is insufficient, even if the DVD were admissible, to carry Plaintiff's burden of demonstrating that the Court should alter or amend its prior judgment.

Accordingly, and for the reasons stated in the Court's prior Order, Plaintiff's Motion to Alter or Amend Judgment or Obtain Relief from Judgment or Order (Docket No. 33) is DENIED.

---

[1] Plaintiff has filed a state court action against Defendant and one of its employees raising similar allegations. Docket No. 39-1.

Defendant's Motion for Attorney's Fees argues first that Plaintiff is contractually obligated to pay attorney's fees, pursuant to the Separation Agreement and Release upon which the Court's prior Order is based. Defendant claims that Plaintiff breached the Dispute Resolution portion of the Agreement, in which both parties agreed to settle disputes by mediation and, if necessary, by legally binding arbitration. That provision states that "if either [party] breaches the terms of this section, the party in breach will be liable for all legal fees and costs incurred by the other as a result of such breach."

Defendant asks the Court to assume, without raising a counterclaim or proving the elements thereof, that Plaintiff breached this contract. The Court finds that Defendant has waived, by not filing an affirmative counterclaim for breach of contract, any claim for breach of contract and resulting attorney's fees under this Agreement.

Next, Defendant argues that the Court should award attorney's fees because Plaintiff's claim was frivolous and filed in bad faith. Defendant also asks the Court to assess a large portion of the attorney's fees to Plaintiff's counsel, pursuant to 28 U.S.C. § 1927.

A district court may award sanctions pursuant to its inherent powers when bad faith occurs. *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 512 (6th Cir. 2002). The district court has inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly or for oppressive reasons. *Id*. In order to award attorney's fees under this bad faith exception, a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment. *Id.*; *Big Yank Corp. v. Liberty Mutual Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997).

Sanctions under 28 U.S.C. § 1927 are warranted when an attorney has engaged in some sort

of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party. *Wilson-Simmons v. Lake County Sheriff's Dept.*, 207 F.3d 818, 824 (6th Cir. 2000). An attorney's ethical obligation of zealous advocacy on behalf of his client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits. *Id*.

Here, the Court, in its discretion, finds that an award of attorney's fees is not appropriate. Even though Plaintiff's claims were ultimately found to have no merit, Defendant has not shown that this action was advanced for an improper motive or purpose such as harassment or was otherwise sufficiently frivolous, wanton or vexatious to warrant an award of attorney's fees.

Accordingly, Defendant's Motion for Attorney's Fees (Docket No. 36) is DENIED.

IT IS SO ORDERED.

                                                  _____
                                                  TODD J. CAMPBELL
                                                  UNITED STATES DISTRICT JUDGE